**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **CHRISTINA LEEDY**, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MY HOME SECURED, LLC**,<br><br>Defendant. | Case No.1:26-cv-<br><br>CLASS ACTION COMPLAINT<br><br><u>JURY TRIAL DEMANDED</u> |

## CLASS ACTION COMPLAINT

1. Christina Leedy ("Plaintiff"), through her attorneys, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendant My Home Secured, LLC ("MHS" or "Defendant").

2. This class action arises from Defendant's persistent disregard for federal law—specifically, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

3. Defendant uses unlawful and invasive telemarketing tactics to drum up business. And Defendant flooded Plaintiff with invasive telemarketing solicitations in clear violation of the TCPA.

4. Now, Plaintiff brings this class action on behalf of herself, and all others harassed by Defendant and its unlawful telemarketing tactics.

## PARTIES

5. Plaintiff Christina Leedy is a natural person and a citizen of Crystal River, Florida. She is domiciled in Florida, where she intends to remain.

6. Defendant MHS is a limited liability company organized under the laws of the State of Delaware.

## JURISDICTION AND VENUE

7. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the TCPA, 47 U.S.C. § 227.

8. This Court has personal jurisdiction over Defendant because it is formed under the laws of Delaware, regularly conducts business in Delaware, and has sufficient minimum contacts in Delaware.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## BACKGROUND

***The Telephone Consumer Protection Act***

10. Congress enacted the Telephone Consumer Protection Act ("TCPA") to combat "the proliferation of intrusive, nuisance calls to consumers and businesses from telemarketers." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 399 (2021) (internal quotation omitted).

11. "The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of

the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

12. As used herein, "TCPA" refers to both the federal statute 47 U.S.C. § 227 *et seq.* and its implementing regulations 47 C.F.R. § 64.1200 *et seq.*

13. The TCPA establishes a "private right of action" whereby persons can seek both injunctive and monetary relief. 47 U.S.C. §§ 227(c)(5).

14. For damages, the TCPA provides "$500 in damages for each such violation[.]" 47 U.S.C. §§ 227(b)(3), (c)(5). However, the TCPA provides treble damages of $1,500 for each "willful" or "knowing" violation. *Id.*

15. Telemarketing is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to a person." 47 C.F.R. § 64.1200(f)(13).

16. The term "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services[.]" 47 C.F.R. § 64.1200(f)(15).

17. The Supreme Court is clear that text messages are "calls" under the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) ("A text message to a cellular telephone, it is undisputed, qualifies as a 'call' within the compass of [the TCPA].").

18. The TCPA prohibits calling any "residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." 47 C.F.R. §§ 64.1200(c)(2). Notably, "[s]uch do-not-call registrations must be honored indefinitely[.]" *Id.*

19. For such violations, the TCPA provides a private right of action for any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

***Plaintiff Christina Leedy***

20. Plaintiff is an individual and a "person" under the meaning of 47 U.S.C. § 153(39).

21. Plaintiff's residential telephone number is (352) 634-XXXX (the "telephone number").

22. To avoid unsolicited telemarketing calls, Plaintiff personally placed her telephone number on the National Do-Not-Call Registry on April 8, 2025. Since then, Plaintiff has not removed her telephone number from the National Do-Not-Call Registry.

23. Plaintiff uses her telephone number for personal, residential, and household purposes (such as calling friends, family, and scheduling personal appointments).

24. Plaintiff has not used her telephone number for business purposes.

25. Plaintiff has not associated her telephone number with any business.

26. Plaintiff has been the sole remunerator (i.e., payer) for any bills arising from her telephone number.

27. Plaintiff has never received reimbursement from any business for her telephone number.

28. Plaintiff has never taken a business-related tax-deduction for her telephone number.

29. Plaintiff is not a current or former customer of Defendant.

30. Plaintiff has never had a business relationship with Defendant.

31. Plaintiff has never consented to receive the alleged telephone solicitations from Defendant.

***<u>Defendant Engages in Telemarketing</u>***

32. Defendant "is an independent home security consulting service helping homeowners choose the right system with expert, unbiased guidance."[1]

33. Simply put, Defendant sells consulting for home security systems.

34. A screenshot of Defendant's website is provided below.[2]




35. To sell its services, Defendant engages in telemarketing campaigns.

36. As explained below, Defendant violated the TCPA numerous times.

37. Defendant delivered, or caused to be delivered, at least three telemarketing text messages to Plaintiff's telephone number (352) 634-XXXX from short code 79506.

---

[1] *About*, MY HOME SECURED, https://www.myhomesecured.com/about (last visited Apr. 1, 2026).
[2] *Id*.

38. On January 27, 2026, Defendant used the short code 79506 and sent a text message to Plaintiff's telephone number.

39. On January 28, 2026, Defendant used the short code 79506 and sent a text message to Plaintiff's telephone number.

40. On January 31, 2026, Defendant used the short code 79506 and sent a text message to Plaintiff's telephone number.

41. Screenshots of some of Defendant's text messages are provided below:




42. Each of the subject text messages identified itself with the prefix "MHS:" and directed Plaintiff to the domain myhmesc.com, which is operated by, and results to content promoting MHS's ADT home security system sales. The text messages promoted the purchase of ADT home security systems on behalf of Defendant.

43. In other words, Defendant called Plaintiff' telephone number and attempted to solicit Plaintiff to purchase its services, including the solicitation of ADT home security systems.

44. The aforementioned telephone solicitations to Plaintiff were unwanted, nonconsensual encounters, as Plaintiff never provided her consent or requested the calls.

45. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed.

46. On information and belief, Defendant will continue to place numerous telephonic solicitations to Plaintiff and Class Members.

**CLASS ACTION ALLEGATIONS**

47. Plaintiff brings this class action under Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3), individually and on behalf of the following Class:

> **National Do-Not-Call Registry Class**: All persons in the United States (1) whose telephone numbers were on the National Do-Not-Call Registry for at least 31 days (2) but then received two or more telephone calls from, or on behalf of, Defendant (3) during a 12-month period and (4) within four years prior to the commencement of this litigation and up until the date of trial.

48. Excluded from the Class are Defendant, its agents, affiliates, parents, subsidiaries, any entity in which Defendant has a controlling interest, any Defendant officer or director, any successor or assign, and any Judge who adjudicates this case, including their staff and immediate family.

49. Plaintiff reserves the right to amend the Class definition.

50. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on class-wide basis using the same evidence as would be used to prove those elements in individual actions asserting the same claims.

51. **Ascertainability**. All members of the proposed Class are readily ascertainable from information in Defendant's custody and control. Specifically, all members of the proposed Class can be ascertained through analysis of Defendant's phone records.

52. **Numerosity**. The Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief, the proposed Class includes at least several thousand members. After all, telemarketing campaigns necessarily involve communication with large groups of people.

53. **Typicality**. Plaintiff's claims are typical of those of Class Members because all such claims arise from Defendant's unlawful telemarketing practices.

54. **Adequacy**. Plaintiff will fairly and adequately protect the proposed Class's common interests. Her interests do not conflict with Class Members' interests. And Plaintiff's counsel has substantial experience in complex class action litigation and an expertise in TCPA litigation.

55. **Commonality and Predominance**. Plaintiff's and the Class's claims raise predominantly common fact and legal questions—which predominate over any questions affecting individual Class Members—for which a class wide proceeding can answer for all Class Members. In fact, a class wide proceeding is necessary to answer, *inter alia*:

a. whether Defendant violated the TCPA;

b. whether Defendant violated the TCPA willfully and knowingly;

c. whether Plaintiff is entitled to statutory damages;

d. whether Plaintiff is entitled to treble damages;

e. whether Defendant should be enjoined from further TCPA violations.

56. **Superiority**. A class action will provide substantial benefits and is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class Members are relatively small compared to the burden and expense that individual litigation against Defendant would require. Thus, it would

be practically impossible for Class Members, on an individual basis, to obtain effective redress for their injuries. Not only would individualized litigation increase the delay and expense to all parties and the courts, but individualized litigation would also create the danger of inconsistent or contradictory judgments arising from the same set of facts. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, ensures economies of scale, provides comprehensive supervision by a single court, and presents no unusual management difficulties.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

**Violations of 47 U.S.C. § 227(c)(5) and 47 C.F.R. § 64.1200(c)**

**(On Behalf of Plaintiff and the National Do-Not-Call Registry Class)**

57. Plaintiff incorporates by reference all other paragraphs as if fully set forth herein.

58. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, by making telemarketing solicitations, except for emergency purposes, to the Plaintiff and the National Do-Not-Call Class despite their numbers being on the National Do-Not-Call Registry.

59. Defendant violated the TCPA willfully or knowingly.

60. Plaintiff and National Do-Not-Call Class Members seek statutory damages of $500 (or $1,500) for each unlawful telephone call.

61. Plaintiff and National Do-Not-Call Class Members seek injunctive relief prohibiting Defendant from making further unlawful telephonic solicitations to Plaintiff and National Do-Not-Call Class Members.

## PRAYER FOR RELIEF

Plaintiff and Class Members respectfully request judgment against Defendant and that the Court enter an order:

A. Certifying this case as a class action on behalf of Plaintiff and the Class, appointing Plaintiff as class representative, and appointing her counsel to represent the Class;

B. Awarding statutory damages to Plaintiff and Class Members;

C. Providing the injunctive relief requested herein; and

D. Granting such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial for all claims so triable.

*[Counsel signatures to follow on next page.]*

*/s/ Dean R. Roland*
Dean R. Roland (#6459)
**COOCH AND TAYLOR, P.A.**
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 984-3851
Facsimile: (302) 984-3939
droland@coochtaylor.com
*Counsel for Plaintiff and the Putative Class*

**OF COUNSEL**
Carly M. Roman *(pro hac vice* forthcoming)
**STRAUSS BORRELLI PLLC**
980 N Michigan Ave, Ste 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
croman@straussborrelli.com

Anthony I. Paronich *(pro hac vice* forthcoming)
**PARONICH LAW PC**
350 Lincoln St Ste 2400
Hingham, MA 02043
Telephone: (617) 485-0018
anthony@paronichlaw.com

*Counsel for Plaintiff and the Putative Class*

DATED: April 6, 2026